UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAIRILLIA TURNER,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-AL1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AL1, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, INCLUSIVE,<br><br>Defendants. | Case No. 19-CV-00993-LHK<br><br>**ORDER GRANTING THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 5 |

Pro se Plaintiff Fairillia Turner ("Turner") filed suit against The Bank of New York Mellon FKA The Bank of New York, As Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-AL1, Mortgage Pass Through Certificates, Series 2007-AL1

1

Case No. 19-CV-00993-LHK
ORDER GRANTING THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS WITH PREJUDICE

("BONY") and "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto, inclusive." ECF No. 1. Her suit relates to an allegedly wrongful nonjudicial foreclosure proceeding brought against her home in San Jose, California.

Before the Court is BONY's motion to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground of claim preclusion. ECF No. 5 ("Mot. to Dismiss"). Having considered the briefing on the motion, the record in the case, and the relevant law, the Court GRANTS BONY's motion to dismiss with prejudice.

## I. BACKGROUND

The Court has endeavored to construct the factual and procedural circumstances of this action. However, many of the relevant facts are missing from Turner's pleadings, which a court must principally rely upon at the motion to dismiss stage. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### A. Factual Background

In 2004, Turner purchased a home at 315 Grandpark Circle, San Jose, California (the "Property"). ECF No. 1-1 ("State Court Papers"), Complaint ¶ 8. On October 23, 2006, Turner executed a Note and Deed of Trust on the property in connection with a loan for $736,800. ECF No. 6-1 at 2. At some point, Turner fell behind on her loan payments. As a result, on June 6, 2016, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property. ECF No. 6-2; *see also* ECF No. 6-4 ("2017 Compl.") ¶ 30 ("Plaintiff was told that Defendant put her loan in foreclosure."). A Notice of Trustee's Sale was recorded on November 14, 2016, which set the foreclosure sale for December 13, 2016. ECF No. 6-3.

In an effort to fight the foreclosure, Turner obtained a lawyer and filed suit in Santa Clara County Superior Court on May 25, 2017 against defendants Shellpoint Mortgage Servicing ("Shellpoint") and Does 1 through 10, ECF No. 6-4. The Court refers to this suit as the 2017 Action and the associated complaint as the 2017 Complaint. The 2017 Complaint identified

2

Shellpoint as the servicer of Turner's loan.[1] 2017 Compl. ¶ 7. Turner alleged that Shellpoint agreed to review Turner's loan modification application, but failed to do so in good faith and instead put her loan in foreclosure. *See* 2017 Compl. ¶¶ 15-18. Turner further alleged that Shellpoint failed to take certain steps mandated by the California Homeowner's Bill of Rights ("HBOR") in order to record a notice of default, *see* 2017 Compl. ¶¶ 46-56. Accordingly, the 2017 Complaint asserted three claims: (1) Violations of the HBOR and the UCL, 2017 Compl. ¶¶ 45-77, (2) Violation of the Covenant of Good Faith and Fair Dealing, 2017 Compl. ¶¶ 78-100, and (3) Negligence, 2017 Compl. ¶¶ 101-147. On October 24, 2017, Turner filed a request to dismiss the entire case with prejudice. ECF No. 6-5. Per Turner's request, the Santa Clara County Superior Court dismissed the case with prejudice on the same day. *Id.*

### B. Procedural History

The instant action began on December 28, 2018, when Turner filed her Complaint in state court. State Court Papers, Complaint. Although she was represented by counsel during the 2017 Action, Turner brought the instant action pro se. *Id.* BONY subsequently removed the case to federal court on February 22, 2019. ECF No. 1. In the Complaint, Turner sues BONY and "all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto, inclusive." State Court Papers, Complaint.

The Complaint purports to bring eleven claims: (1) Wrongful Foreclosure, *id.* ¶¶ 106-117; (2) Permanent Injunctive Relief, *id.* ¶¶ 118-123; (3) To Void or Cancel Substitution of Trustee and Notice of Defaults, *id.* ¶¶ 124-26; (4) Breach of Contract, *id.* ¶¶ 127-134; (5) Violation of California Business and Professions Code §§ 17200 *et seq.*, *id.* ¶¶ 135-39; (6) Quiet Title, *id.* ¶¶ 140-46; (7) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-

---

[1] Shellpoint was the named defendant in the 2017 Action, and the parties do not dispute that Shellpoint was the servicer of Turner's loan. *See* ECF No. 5. ("Mot. to Dismiss") at 3. In its briefing on the instant motion, BONY states that Shellpoint was the d/b/a for NewRez LLC. *Id.* The Court does not rely upon this fact because it is not in the record. In any event, the true legal name of Shellpoint is immaterial, given the parties' agreement as to the role of the entity known as Shellpoint.

3
Case No. 19-CV-00993-LHK
ORDER GRANTING THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS WITH PREJUDICE

1692p, *id.* ¶¶ 147-151; (8) Civil Conspiracy, *id.* ¶¶ 152-56; (9) Mail and Wire Fraud, 18 U.S.C. §§ 1341, 1343, *id*. ¶¶ 157-162; (10) Bank Fraud, 18 U.S.C. §§ 1341, 1344, *id*. ¶¶ 163-66; (11) Violation of 18 U.S.C. §§ 1001, 1005, *id.* ¶¶ 167, 172.

On March 1, 2019, BONY filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6), in which it contends the instant action is barred by claim preclusion. ECF No. 5. The motion has been fully briefed, *see* ECF Nos. 12, 17, and is now ripe for the Court's review.

## II. JUDICIAL NOTICE

At the outset, the Court GRANTS BONY's unopposed request for judicial notice of the following documents: (1) a Deed of Trust recorded in Santa Clara County, ECF No. 6-1; (2) a Notice of Default and Election to Sell, ECF No. 6-2; (3) a Notice of Trustee's Sale recorded in Santa Clara County, ECF No. 6-3; (4) the complaint in *Turner v. Shellpoint Mortgage Servicing*, No. 17CV310947, filed in Santa Clara Superior Court, ECF No. 6-4; and (5) the Request for Dismissal in *Turner v. Shellpoint Mortgage Servicing*, No. 17CV310947, ECF No. 6-5. A court "may take judicial notice of undisputed matters of public record." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Such matters include, as relevant here, "documents on file in federal or state courts," *id.*, and "document[s] of legal force," *In re Davies*, 565 F. App'x 630, 632 (9th Cir. 2014) (taking judicial notice of an Assignment of Deed of Trust). The five documents proffered by BONY fall squarely into these categories. Judicial notice is therefore proper.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a Rule 12(b)(6) motion, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. A complaint must, however, contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

Generally, a motion to dismiss under Rule 12(b)(6) must rely solely on the contents of the pleadings. *See* Fed. R. Civ. P. 12(d). A court may, however, consider "matters of judicial notice" without converting a motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Furthermore, a court need not accept as true allegations contradicted by judicially noticeable facts. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**IV. DISCUSSION**

5

BONY's sole argument is that the dismissal with prejudice of the 2017 Action bars the instant action through claim preclusion. Although claim preclusion is an affirmative defense, a court may grant a Rule 12(b)(6) motion to dismiss on claim preclusion grounds if "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *accord Goldberg v. Cameron*, 694 F. App'x 564, 566 (9th Cir. 2017).

Claim preclusion, also known as res judicata, is a doctrine that "precludes the parties or their privies from relitigating issues that were or could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Relevant here, claim preclusion is broad enough to bar "claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995). Pursuant to the Full Faith and Credit Clause of the U.S. Constitution and 28 U.S.C. § 1738, a "federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Hence, to determine the preclusive effect of a state court judgment, federal courts apply state law. See *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007). The prior action at issue here was before the Santa Clara County Superior Court, a California state court. Under California law, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015).

The Court considers these three requirements in turn.

A. **Same Cause of Action**

Courts often use the term "cause of action" to refer to the different legal theories or remedies a plaintiff seeks, but for purposes of applying claim preclusion, the term "has a more precise meaning." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010). "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion,

6

California courts have consistently applied the 'primary rights' theory." *Id.* at 797 (internal quotation marks omitted). That is, "conduct that violates a single primary right gives rise to only one cause of action." *DKN Holdings LLC*, 61 Cal. 4th at 818. "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Under the primary rights theory, a cause of action is defined by "the harm suffered," as opposed to the particular theory asserted by the litigant or the specific remedy sought. *Boeken*, 48 Cal. 4th at 798. Thus, "[w]hen two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* In *Boeken*, for instance, the "primary right was the right not to be wrongfully deprived of spousal companionship and affection." *Id.*

Having examined the complaints in both the 2017 Action and the present suit, the Court is satisfied that they involve the same primary right, namely, "the right to be free from unlawful foreclosure." *Solis v. Nat'l Default Servicing Corp.*, No. 17-CV-00449-LHK, 2017 WL 1709355, at *6 (N.D. Cal. May 3, 2017); *see also Miller v. Wholesale Am. Mortg., Inc.*, No. 17-CV-05495-LB, 2018 WL 306714, at *5 (N.D. Cal. January 5, 2018) (identifying the primary right as "Ms. Miller's claimed right to the Subject Property, free of the Note, the Deed of Trust, and foreclosure.").

Turner's 2017 Action—during which Turner was represented by counsel—alleged that Shellpoint, the servicer of Turner's loan, committed various procedural transgressions and omissions in the lead up to the Notice of Default and Election to Sell. In particular, Turner accused Shellpoint of proceeding with foreclosure while simultaneously purporting to consider Turner's loan modification application, a practice known as "dual tracking," *see Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1132 (N.D. Cal. 2013).

Turner's allegations in the instant action are difficult to decipher. However, the gravamen of her suit appears to be that the Deed of Trust and subsequent Assignment of Deed of Trust are void and unenforceable due to various procedural defects committed during their execution. *See*

7

Case No. 19-CV-00993-LHK
ORDER GRANTING THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS WITH PREJUDICE

State Court Papers, Complaint ¶¶ 10-11, 17, 48-49, 54, 64-65, 68, Prayer for Relief ¶ 1.

The factual and legal allegations in the two complaints appear to differ. Ultimately, however, the "harm suffered" that gave rise to both the 2017 Action and the instant action is the allegedly wrongful foreclosure. According to Turner herself, she has brought the instant action in order to "undo [the] fraudulent foreclosure, or, in the alternative, obtain financial compensation if the fraudulent transfer cannot be undone." ECF No. 13 ("Mot. to Remand") at 3. The Prayer for Relief requests, *inter alia*, "an Order staying and canceling any and all future Trustee's Sale Dates" and a judgment "quiet[ing] title in favor of Plaintiff." Compl. at Prayer for Relief ¶ 4, 6. Likewise, in the 2017 Complaint, Turner stated, "Plaintiff needs the Court ruling that . . . a foreclosure will not occur, because there is a high likelihood that such a foreclosure may be initiated at any time." 2017 Compl. ¶ 4. Accordingly, although now Turner pleads different theories of recovery, the relief she seeks is the same: that the foreclosure be cancelled or rescinded.

It is of no moment that the 2017 Action concerned defects related to the Notice of Default and Election to Sell while the present suit challenges defects related to the underlying Deed of Trust and Assignment of Deed of Trust. All of the relevant instruments were in existence and all of the challenged conduct was completed at the time of the 2017 Action. "Claim preclusion applies to all actionable facts that could have been discovered with diligence during the prior proceeding." *Janson v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-05639 JSC, 2015 WL 1250092, at *7 (N.D. Cal. Mar. 18, 2015) (citing *Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal. App. 4th 150, 156 (2005)), *aff'd*, 682 F. App'x 576 (9th Cir. 2017). The upshot of all of Turner's claims in the present and prior actions is that the foreclosure on the Property is illegitimate. *See Gillies v. JPMorgan Chase Bank, N.A.*, 7 Cal. App. 5th 907, 910 (2017) (plaintiff's complaint "alleging violations of the Homeowner Bill of Rights (HBOR), lack of standing to foreclose, unlawful substitution of trustee, fraud, injunctive relief, and damages" was precluded by three prior suits alleging, *inter alia*, the notice of default was not properly recorded and the notice of sale was procedurally defective); *Miller*, 2018 WL 306714, at *5 (holding plaintiff's action claiming "that

8

the Note and Deed of Trust are unenforceable because Wholesale America was not a licensed lender in the first place" was precluded by a prior action claiming "that the Note and Deed of Trust are unenforceable because of defects in the chain of assignment"); *Mendaros v. JPMorgan Chase Bank, N.A.*, No. 14-CV-01260-JST, 2014 WL 3373447, at *4 (N.D. Cal. July 9, 2014) ("Both complaints are premised on the notion that Defendants lacked the legal authority to foreclose on the property because the instruments based on which the foreclosure was executed were invalid."). Hence, the instant case involves the same primary right as the 2017 Action and is thus precluded.

Indeed, this Court has previously encountered similar circumstances and come to the same conclusion. In *Solis v. National Default Servicing Corporation*, plaintiff filed suit in 2014 against several defendants involved in the foreclosure on his property. 2017 WL 1709355 at *1. Plaintiff alleged the defendants violated various provisions of California law during the foreclosure proceedings. *Id.* Then, in 2017, plaintiff sued a subset of those defendants in connection with the same foreclosure, but alleged violations of different provisions of California and federal law. *Id.* This Court explained that "all of Plaintiff's claims in the 2014 Action and the instant case seek to vindicate the same primary right, 'the right to be free from unlawful foreclosure.'" *Id.* at *6; *see also Grieves v. MTC Fin., Inc.*, No. 17-CV-01981-LHK, 2017 WL 3142179, at *11 (N.D. Cal. July 25, 2017) (Plaintiff "cannot avoid res judicata by tacking on new allegations regarding foreclosure documents recorded after the prior action") (internal quotation marks and alternations omitted).

In addition, the Court's conclusion today finds ample support in the decisions of other courts. *See, e.g., Lee v. JP Morgan Chase Bank, N.A.*, No. 215CV04061CASGJSX, 2015 WL 5554006, at *4 (C.D. Cal. Sept. 21, 2015) (applying res judicata because "in both actions plaintiff alleges, due to various procedural defects, that defendants lacked the legal right to foreclose upon her property."); *Thomas v. Bank of America, N.A.*, 2013 WL 3992999, *6 (S.D. Cal. 2013) ("The primary right is Plaintiff's property right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property. The alleged wrong by Defendants is that Defendants

9

Case No. 19-CV-00993-LHK
ORDER GRANTING THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS WITH PREJUDICE

wrongfully foreclosed on his property.").

The first requirement for claim preclusion is therefore satisfied here.

**B. Identity of the Parties**

Second, "claim preclusion applies only to the relitigation of the same cause of action *between the same parties or those in privity with them.*" *DKN Holdings LLC*, 61 Cal. 4th at 825 (emphasis added). Although Turner is the sole plaintiff in both suits, it is undisputed that BONY was not a party to the 2017 suit. Instead, BONY contends that it is in privity with the defendant in the 2017 Action. Mot. to Dismiss at 6.

The Supreme Court of California has said that, in the context of claim preclusion, privity "requires the sharing of an identity or community of interest, with adequate representation of that interest in the first suit, and circumstances such that the nonparty should reasonably have expected to be bound by the first suit." *DKN Holdings LLC*, 61 Cal. 4th at 826. In analyzing whether privity exists, "the emphasis is not on a concept of identity of parties, but on the practical situation." *Castillo v. Glenair, Inc.*, 23 Cal. App. 5th 262, 277 (2018), *as modified on denial of reh'g* (May 14, 2018). A court looks to the parties' "relationship to the subject matter of the litigation," *id.*, and asks "whether the party in the suit which is asserted to have a preclusive effect had the same interest" as the party in the present suit and "whether that party had a strong motive to assert that interest," *The Inland Oversight Comm. v. City of San Bernardino*, 27 Cal. App. 5th 771, 781 (2018).

The defendant in the 2017 Action was Shellpoint, the servicer of Turner's loan. Typically, a loan servicer is the entity who "handles the day-to-day tasks of managing the loan." *Mohamed v. Select Portfolio Servicing, Inc.*, 215 F. Supp. 3d 85, 89 (D.D.C. 2016); *see also* Cal. Civ. Code § 2920.5 (defining a "mortgage servicer" as "a person or entity who directly services a loan, or who is responsible for interacting with the borrower, managing the loan account on a daily basis including collecting and crediting periodic loan payments, managing any escrow account, or enforcing the note and security instrument"). While a servicer may also own the loan, it often does not. *See, e.g.*, *Berezovsky v. Moniz,* 869 F.3d 923, 932 (9th Cir. 2017). Here, the owner of

10

the loan was not a single entity, for the trust was securitized. The defendant in the instant case, BONY, is the trustee for the owners of the loan: the certificateholders of the mortgage-backed securities. Thus, Shellpoint managed Turner's loan—including the associated foreclosure process—on BONY's behalf.

With regard to the foreclosure process, then, Shellpoint's and BONY's interests are fully aligned. As the loan servicer, it was Shellpoint's responsibility to effectively and efficiently vindicate BONY's foreclosure rights under the Deed of Trust. The interests of the defendants are likewise aligned in this litigation challenging the foreclosure. Both have a strong interest in defending the validity and enforceability of the instruments authorizing the foreclosure. Accordingly, this Court agrees with the numerous others in this circuit that have held the servicer of a loan and the beneficiary of the deed of trust have "sufficient identity of interest . . . to establish privity" for purposes of claim preclusion. *Horton v. JPMorgan Chase Bank, N.A.*, No. 15-CV-05322-WHO, 2016 WL 1139004, at *4 (N.D. Cal. Mar. 23, 2016); *see, e.g.*, *Lin v. Shellpoint Mortg. Servicing*, No. CV181153DMGJPRX, 2018 WL 6016172, at *5 (C.D. Cal. May 24, 2018) ("[F]or purposes of res judicata, there is sufficient commonality of interests between loan servicers and former and current holders of the beneficial interest of the deed of trust in foreclosure-related cases."); *Amedee v. Citimortgage, Inc.*, No. 15-CV-03356-HSG, 2016 WL 1070657, at *5 (N.D. Cal. Mar. 18, 2016) ("Given that Five Star was CitiMortgage's mortgage servicing agent, they share a substantial commonality of interest.") (internal quotation marks omitted); *Macklin v. Hollingsworth*, No. 2:10-CV-1097 MCE KJN, 2014 WL 4417770, at *14 (E.D. Cal. Sept. 8, 2014) (finding the servicer of plaintiff's loan was in privity with the "assignee of the beneficial interest in his home loan").

Thus, the Court finds that BONY and Shellpoint are in privity, and the second requirement for claim preclusion is satisfied.

### C. Final Judgment on the Merits

Finally, California law is clear that "a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." *Boeken*, 48 Cal. 4th at 793. Thus, as

11

Case No. 19-CV-00993-LHK
ORDER GRANTING THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS WITH PREJUDICE

the 2017 Action was dismissed with prejudice, the third requirement for claim preclusion is satisfied.

### D. Summary

Having found that all three requirements for claim preclusion are satisfied, the Court must dismiss Turner's Complaint as to BONY.

### E. Leave to Amend

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," it is well-established that leave to amend may be denied if the moving party has acted in bad faith, or if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile. *See Leadsinger*, 512 F.3d at 532. Amendment would be futile if "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Because Turner's claims are barred by claim preclusion, the Court finds that amendment would be futile. *See, e.g.*, *Hernandez v. Fed. Home Loan Mortg. Corp.*, 663 F. App'x 518, 519 (9th Cir. 2016) (affirming district court's dismissal of pro se plaintiffs' claims on claim preclusion grounds); *Portnoy v. United States*, 507 F. App'x 736, 737 (9th Cir. 2013) (same). It would unduly prejudice BONY to continue litigating claims that fail as a matter of law, not to mention the potential for further delay in the foreclosure process. Accordingly, the Court grants BONY's motion to dismiss with prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS BONY's motion to dismiss the Complaint with prejudice.

**IT IS SO ORDERED.**

Dated: August 26, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

12
Case No. 19-CV-00993-LHK
ORDER GRANTING THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS WITH PREJUDICE